IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:07mj010-CSC |
| | ) | |
| CLARANCE EARL BIVINES | ) | |

## ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on February 13, 2007. I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that defendant is charged with a 10+ year drug offense for which there is a rebuttable presumption of detention. The offense with which he is charged involved a substantial quantity of cocaine that defendant – a Mississippi resident – was transporting through Alabama from the Atlanta area in a rental car for which he was not a designated driver. The information given by defendant to the state trooper and to the court's pre-trial service officer proved unreliable or inconsistent in many respects. For example, defendant denied to the trooper that he had ever been arrested on a drug offense, when in fact he had been charged with drug offenses in 1998 and 2004. He also maintained that he could not be designated as driver for the rental car because he did not have a VISA card, which the officer believed was not likely true, and he told the trooper that he needed gas, although he actually had half a tank. In addition, as noted in the pre-trial service report, defendant gave a different address to the pre-trial services officer from that reported by his common law wife, and his story also differed from hers with regard to the status of his car, cell phone, and current employment. Although defendant lives with his common law wife

of approximately nine years, and seeks to return to that residence if he is released, his wife was not aware of where he traveled when he left the residence and did not know of the sick child he was allegedly visiting in Atlanta or the cousin who allegedly rented the car. Given the nature of the offense and the presumption of detention in this case, the defendant's prior criminal record, his lack of ties to his own home (in the sense that it appears that he has complete freedom to roam at will), his lack of ties to this district, and the court's concerns about whether his word could be trusted under supervision, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant or protect the community and that the defendant should be detained.

Further, based on the evidence adduced at the hearing, the Magistrate Judge concludes that there is probable cause to believe that the defendant committed the offense charged in the complaint. Therefore, it is

ORDERED that the defendant is bound over to the district court for further proceedings. It is further

ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE, this 15th day of February, 2007.


                                        /s/ Susan Russ Walker
                                        SUSAN RUSS WALKER
                                        UNITED STATES MAGISTRATE JUDGE